IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KELLY PAUL, | § | |
| | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:24-cv-00913-O |
| | § | |
| CITY OF FORT WORTH, | § | |
| | § | |
| | § | |
| Defendant. | § | |

<u>MEMORANDUM OPINION & ORDER</u>

Before the Court are Defendant City of Fort Worth's Partial Motion to Dismiss Plaintiff's Second Amended Complaint and Brief in Support (ECF No. 20) and Plaintiff Kelly Paul's Response (ECF No. 22). After examining the relevant arguments and authorities, the Court **DENIES in part** and **GRANTS in part** Defendant City of Fort Worth's Motion to Dismiss.

I.    **BACKGROUND**[1]

This action stems from an employment dispute. Kelly Paul ("Plaintiff") worked for the City of Fort Worth ("Defendant") as an Animal Control Officer from January 17, 2023, to March 1, 2023. During her employment period, Plaintiff was subjected to lewd and inappropriate comments about women, primarily at the hands of male Officers Hernandez and Barajas.

---

[1] Unless otherwise noted, the Court's recitation of the facts is taken from Plaintiff's Second Amended Complaint. *See* Pl.'s Second Am. Compl. ("SAC"), ECF No. 18. At the 12(b)(6) stage, the facts are taken as true and viewed in the light most favorable to the Plaintiff. *See Sonnier v. State Farm Mut. Auto Ins.*, 509 F.3d 673, 675 (5th Cir. 2007).

Officer Hernandez often talked about women as though they were sexual objects. He said that women were good for sex and often have "butter-face"—a common slang word used to describe women in a sexual manner.

Officer Barajas once tried to make Plaintiff perform an unsafe act with a dangerous dog. Barajas made a remark that if Plaintiff were a man and not a woman, this task would not be a problem. Barajas proceeded to lose his temper and relay a slew of sexist statements during this incident, causing Plaintiff to fear that Barajas was going to physically attack her. A similar incident with Officer Barajas occurred when Plaintiff expressed her desire not to redo a portion of her training that she had completed. Once again, Barajas got so angry that Plaintiff feared he would physically attack her.

Ten days into her employment, Plaintiff notified her male supervisor ("Woodward") about the sex discrimination. In response, Woodward made sexist remarks about a woman complaining about sex discrimination and brushed off Plaintiff's request for him to intervene.

Plaintiff was fired on March 1, 2023, because she was not "good" at her job. However, Plaintiff received no feedback on her job performance. Woodward and other male staff members then called other city animal shelters and essentially "black-listed" Plaintiff so that she would never get another position in her field again.

Plaintiff filed suit against Defendant on September 24, 2024, bringing claims for sex discrimination, retaliation, and hostile work environment under federal and state law.[2] Plaintiff amended her complaint twice. Defendant now moves to dismiss Plaintiff's hostile-work-environment claim under Texas law, her request for damages based on unequal pay, and her

---

[2] *See* Pl.'s Compl., ECF No. 1.

request to enjoin Defendant from engaging in discriminatory practices. That Motion is ripe for this Court's review.[3]

## II.     LEGAL STANDARD

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The Rule 8(a) pleading standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). If a plaintiff fails to satisfy this standard, the defendant may file a motion to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6).

To survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Unlike a "probability requirement," the plausibility standard instead demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 570). Where a complaint contains facts that are "merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, the court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins.*, 509 F.3d 673, 675 (5th Cir. 2007). However, the court may not accept legal

---

[3] *See* Def.'s Mot. Dismiss, ECF No. 20.

conclusions as true. *Iqbal*, 556 U.S. at 678–79. To avoid dismissal, pleadings must show specific, well-pleaded facts rather than conclusory allegations. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

### III.    ANALYSIS

In Plaintiff's Second Amended Complaint, she asserts claims for sex discrimination, retaliation, and hostile work environment under federal and state law.[4] Defendant moves to dismiss Plaintiff's hostile-work-environment claim under Chapter 21 of the Texas Labor Code and argues Plaintiff has failed to state a claim for unequal pay.[5] Further, Defendant contends that Plaintiff has failed to state a claim for an injunction.[6] The Court addresses each argument in turn.

### A.  Plaintiff's Hostile-Work-Environment Claim

Plaintiff asserts a hostile-work-environment claim under the Texas Labor Code Chapter 21, also known as the Texas Commission on Human Rights Act ("TCHRA").[7] In its Motion to Dismiss, Defendant argues that Plaintiff fails to include facts supporting the second, third, and fourth elements of her hostile-work-environment claim.[8] The Court disagrees with Defendant, as the allegations in Plaintiff's Second Amended Complaint, taken as true, provide an abundance of

---

[4] *See* Pl.'s SAC, ECF No. 18.
[5] *See* Def.'s Mot Dismiss 3–6, ECF No. 20.
[6] *Id.* at 6.
[7] Pl.'s SAC ¶¶ 46–51, ECF No. 18.
[8] *See* Def.'s Mot. Dismiss 3–6, ECF No. 20.

factual support for each element. To establish a prima facie case of harassment alleging hostile work environment, the employee must establish that:[9]

> (1) [she] belongs to a protected group; (2) [she] was subject to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of [her] employment; and (5) [her] employer knew or should have known of the harassment and failed to promptly take remedial action.

*Watson v. Brennan*, No. 23-10131, 2023 WL 6210753, at *3 (5th Cir. Sept. 25, 2023), *cert. denied sub nom. Watson v. DeJoy*, 145 S. Ct. 398, 220 L. Ed. 2d 154 (2024), *reh'g denied*, No. 24-5491, 2025 WL 1211878 (U.S. Apr. 28, 2025) (citation omitted). In reviewing a hostile-work-environment claim, a court considers "all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Faragher v. City of Boca Raton*, 524 U.S. 775, 787–88 (1998) (internal quotation marks and citation omitted).

First, Plaintiff's allegations, taken as true, constitute actionable harassment. She alleges the harassment was frequent.[10] She alleges that she felt physically threatened.[11] Her allegations also articulate that she was harassed because she was female.[12] She alleges that Officers Hernandez and

---

[9] *See Evans v. City of Houston*, 246 F.3d 344, 349 (5th Cir. 2001) (noting that claims of discrimination under Title VII and TCHRA are evaluated within the same analytical framework).

[10] *See* Pl.'s SAC ¶ 11, ECF No. 18 ("From day one of being employed Plaintiff was subjected to lewd, lascivious, and inappropriate comments about women. These comments would eventually grow into a steady and pervasive pattern of progressively more hostile actions by Defendant towards Plaintiff."); *id.* ¶ 12 ("These comments were made by general male staff members and specifically involved male Officer Hernandez, male Officer Barajas and were made continually on a daily basis throughout Plaintiff's tenure.").

[11] *See id.* ¶ 21 ("Barajas lost his temper and relayed a slew of sexist and gender discriminatory statements at this incident causing Plaintiff to fear that Barajas was going to physically attack her."); *id.* ¶ 25 ("Once again, Barajas got so angry tht [sic] Plaintiff feared he would physically attack her.").

[12] *See id.* ¶ 22 ("The hostility that Plaintiff faced was a direct result of the fact that she was a female and that she had gone to Woodward and told him that there was sex discrimination occurring and asked him to fix the problem."); *id.* ¶ 28 ("Because Plaintiff was a female she was moved repeatedly and then was not given proper training.").

Barajas did not treat other men in the same way.[13] And she includes examples of comments that were overtly derogatory towards women.[14] Finally, Plaintiff's allegations plausibly suggest that the discrimination manifested through her training, as she was re-assigned to different supervisors and subjected to different training than her male counterparts.[15] Contrary to Defendant's assertion, these facts, taken as true, demonstrate that the alleged discrimination affected a term, condition, or privilege of Plaintiff's employment.[16] In sum, Plaintiff meets her burden of alleging that the complained-of-conduct was "sufficiently severe or pervasive to alter the conditions of [her] employment and create an abusive working environment." *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013) (citation omitted). Therefore, Defendant's Motion to Dismiss Plaintiff's hostile-work-environment claim is **DENIED**.

### B.  Plaintiff's Request for Damages Based on Unequal Pay

Plaintiff's Second Amended Complaint requests "[b]ack pay from the date that Plaintiff was denied equal pay for equal work."[17] Defendant argues that "[n]owhere in Plaintiff's Second Amended Complaint does Plaintiff state any facts or even opinion that she was paid less than her male counterparts for the same work performed for the City."[18] Accordingly, Defendant argues "this purported claim under the federal Equal Pay Act or the Texas Labor Code, Chapter 21, and the requested measure of damages, should be dismissed."[19]

---

[13] *See id.* ¶ 12 ("The two males Hernandez and Barajas did not treat any other men hostile simply Plaintiff."); *id.* ¶ 19 ("Barajas would often make Plaintiff do tasks that he required only of her. While working there, Plaintiff learned that Barajas never made male new hire employees, perform certain menial duties with regards to the animals.").

[14]  *See id.* ¶ 23 ("Officer Hernandez often talked about women as though they were sexual objects. He said that women were good for sex and often women have 'butter-face.'").

[15] *See id.* ¶¶ 17, 27–29.

[16] Def.'s Mot. Dismiss 5, ECF No. 20.

[17] Pl.'s SAC ¶ 54(b), ECF No. 18.

[18] Def.'s Mot. Dismiss 6, ECF No. 20.

[19] *Id.*

The Court observes that Plaintiff does not plead a claim—that is, element by element—under the Equal Pay Act or any equivalent under Texas law. She only appears to premise a request for recovery based on unequal pay. But assuming Plaintiff brings such a claim, the Court agrees with Defendant that Plaintiff's Second Amended Complaint contains no facts indicating that Plaintiff "was denied equal pay for equal work."[20] Therefore, her request for damages based on unequal pay is wholly unsupported, and the Court **GRANTS** Defendant's Motion to Dismiss as it relates to Plaintiff's request.

### C.  Plaintiff's Request for an Injunction

Plaintiff's Second Amended Complaint also requests "[a]n injunction against Defendants prohibiting discriminatory employment practices on the basis of sex and other protected categories," apparently as a remedy for her Title VII claim.[21] Defendant argues that "[w]hile injunctive or equitable relief is available to a successful Title VII plaintiff, injunctive relief is only available if the to-be-enjoined conduct is reasonably likely to be repeated."[22] But the case that Defendant cites for that proposition is not even remotely relevant to the facts or posture here. That case, *United States v. W.T. Grant Co*., was about mootness, specifically, the court's power to grant an injunction to enforce the Clayton Act once the defendant had discontinued the illegal conduct. 345 U.S. 629 (1953).

Setting aside Defendant's incorrect statement of law that "injunctive relief is only available if the to-be-enjoined conduct is reasonably likely to be repeated," the Court observes that Defendant admits injunctive relief *is* available to a *successful* Title VII plaintiff. Defendant does not challenge the sufficiency of Plaintiff's Title VII claim. So, assuming an injunction is an

---

[20] Pl.'s SAC ¶ 54(b), ECF No. 18.
[21] *Id.* ¶ 55(b).
[22] Def.'s Mot. Dismiss 6, ECF No. 20.

available remedy (because Defendant does not give the Court a basis to believe otherwise), it would be improper to dismiss Plaintiff's request for an injunction at this stage, when Plaintiff could potentially prevail on her Title VII claim. Therefore, Defendant's Motion to Dismiss Plaintiff's request for an injunction is **DENIED**.

## IV.     CONCLUSION

For the foregoing reasons, the Court **DENIES in part** and **GRANTS in part** Defendant City of Fort Worth's Motion to Dismiss.

**SO ORDERED** on this **2nd day of May, 2025.**


Reed O'Connor
**UNITED STATES DISTRICT JUDGE**